```
                            UNITED STATES DISTRICT COURT
                            SOUTHERN DISTRICT OF FLORIDA

                            CASE NO. 17-21347-CV-SCOLA
                            MAGISTRATE JUDGE P.A. WHITE
JUNIOR ROBINSON,

     Petitioner,

v.                                          REPORT OF
                                         MAGISTRATE JUDGE
THE UNITED STATES OF
AMERICA, et al.,

     Respondent.
_____/
```

Junior Robinson has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, seeking a custody redetermination by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE").

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration the Court has the Petition (DE# 1) and the Respondent's response (DE# 8) and a status report (DE# 11). The most recent of which reports that the petitioner has been removed from the United States to Jamaica.

At the time the petition was filed, on April 3, 2017, the petitioner was in custody of ICE and detained at the Krome Processing Center, in Miami, Florida. The petitioner stated that he has been in the continuous custody of ICE since August 8, 2016 and was ordered removed on August 25, 2016. He contended that on that same date he was subject to mandatory detention. He sought a

new hearing to establish a bond for his release, alleging that it he was not likely to be removed to Jamaica in the reasonably foreseeable future. The petitioner was in the process of appealing his order of removal. The order of removal subsequently became final on June 30, 2017 and he was removed from the United States on August 31, 2017.

For a federal court to have subject matter jurisdiction over a habeas proceeding, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States...." 28 U.S.C. §2241(c)(3); accord Maleng v. Cook, 490 U.S. 488, 490-91 (1989). The "in custody" determination is made at the time the section 2241 petition is filed. Carafas v. LaVallee, 391 U.S. 234, 238 (1968). Once the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody while the petition is pending. Carafas v. LaVallee, 391 U.S. 234.

After the filing of the instant petition, on August 31, 2017, the petitioner was removed from the United States to Jamaica. See Affidavit of Deportation Officer Roberto A. Torres Cruz (DE# 11-1). Although Petitioner is no longer confined, he has satisfied the "in custody" requirement based on his status at the time of filing.

Although the "in custody" requirement has been met, this Court nonetheless has no jurisdiction in this case. "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to "'Cases' and 'Controversies.'" United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980); Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002)(citation omitted); see also Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001)(same). "This case-or-controversy requirement subsists through all stages of federal judicial

proceedings, trial and appellate." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. Id. at 478 (quoting Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). In other words, a petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis, 494 U.S. at 477.

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). The doctrine of mootness derives "directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" Soliman, 296 F.3d at 1242. Thus, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. Therefore, if events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed. In fact, dismissal is required because mootness is jurisdictional.[1]

---

[1] The Eleventh Circuit recognizes an exception to the mootness doctrine when the action being challenged by the lawsuit is capable of being repeated and evading review, but the exception is narrow and applies only in exceptional situations. See Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242-43 (11th Cir. 2002) "In particular, the exception can be invoked only when (1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the *same* complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." Id.(internal citation omitted; emphasis in original). Simply put, "[t]he remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time." Id. 296 F.3d at 1242-1243. (internal citation omitted).

3

Because a habeas petition challenges prison officials' authority to keep a prisoner in custody, in general, the petitioner's release moots a habeas petition. See generally Lane v. Williams, 455 U.S. 624, 632 (1982). This Court as well as several other district courts have determined that where an alien is released from ICE custody pending removal from the United States "his petition for habeas relief under Zadvydas is moot." He v. Gonzales, 2006 WL 1687796, *1 (W.D. La. 2006). See also Revan v. Mukasey, 2008 WL 3992291, *2 (S.D.Fla. 2008), *citing*, He v. Gonzales, supra; Ismaila v. Department of Homeland Sec., 2009 WL 1635781, *1 (S.D.Ala. 2009), *citing*, He v. Gonzales, supra; Abdalla v. Ashcroft, 2004 WL 2315089, *2 (W.D.N.Y.2004)("As, however, Petitioner does not dispute he was released from administrative custody on January 20, 2016, the instant Petition no longer presents a case or controversy pursuant to Article III, §2 of the United States Constitution."), adopted by Abdalla v. Ashcroft, 2004 WL 2491646 (W.D. N.Y. 2004).

In the instant proceeding, the petitioner sought a bond redetermination. Because The petitioner has now been released from ICE custody, he has obtained the relief he sought. In addition, The petitioner does not allege that collateral consequences exist to satisfy the injury-in-fact requirement of Article III. Accordingly, no exception to the mootness doctrine is applicable here.

Since this Court can no longer order the federal respondent to grant the relief requested in the petition, in that the petitioner is no longer in the custody of ICE, there is "nothing for us to remedy, even if we were disposed to do so.'" Soliman, supra, 296 F.3d at 1243, quoting Spencer v. Kemna, 523 U.S. 1, 18 (1998). This action no longer presents a justiciable case or controversy within the meaning of Article III. Accordingly, this federal petition should be dismissed as moot. See Sule v. Immigration &

Naturalization Serv., 1999 WL 668716 (10th Cir. 1999)(petitioner's deportation to Nigeria rendered moot his §2241 habeas petition challenging both the order of deportation and his INS detention); see also Suarez-Tyida v. United States, 85 Fed.Appx. 711, 715-16, 2004 WL 68758, *4 (10th Cir. 2004)(holding that because alien had been released from indefinite immigration detention, he had "effectively received the relief he has requested," and his petition was moot.).

It is therefore recommended that the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 be dismissed as moot and the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 18th day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

cc:
Junior Robinson
A# 205-344-701
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
PRO SE

Anthony Erickson-Pogorzelski
US Attorney's Office
Civil
99 NE 4th Street
Suite 335
Miami, FL 33132